JEANNE CIUNCI, Also Known as JEANNE SWANSON, Appellant, *v.* WELLA CORP., Respondent.

First Department, June 28, 1966.

110

*Harry Merwin* of counsel (*Garrell & Garrell,* attorneys), for appellant.

*Harold L. Schwab* of counsel (*Sheila L. Birnbaum* with him on the brief; *Emile Z. Berman* and *A. Harold Frost,* attorneys), for respondent.

*Per Curiam.* Plaintiff appeals from a judgment in favor of the defendant. The plaintiff seeks recovery for injury to her ear. The injury occurred while plaintiff was receiving hair treatment from the defendant. The defendant operates an instruction center where it employs technicians to give instructions to beauticians and hairdressers in the use of products manufactured and sold by it (the defendant). In the course of giving these instructions, models were used and the models received various hairdressing services without charge. Plaintiff, who was accepted as one of the models received such hairdressing services free of charge, but prior to receipt of the services signed a card which read as follows: " In consideration of giving me a permanent wave and/or Kolestral of Lifetex treatment, Kolestone hair dye, Bleach, Wellatone or any other service free of charge, I the undersigned, hereby release you, the Wella Corporation and each of your dealers, customers, salesmen, agents and/or technicians from (1) any and all liability for any damages and/or injuries resulting from or caused by the technicians and/or equipment, accessories, lotions, creams and/or treatment used in connection therewith and (2) from any and all liability for damage and/or injury sustained by me as a result of using any products purchased by me from you which are sold by the Wella Corporation. Any products purchased by the

undersigned from you shall not be deemed to be whole or part consideration for the foregoing release. ' Signature of Model: ' signed ' Jeanne Swanson ' Street address: 318 East 82nd St., City and State: N. Y. C. ''

During the course of the trial the parties entered into a stipulation, which included the following:

'' Mr. Merwin: If Jeanne Swanson [plaintiff] were called to testify she would state under oath that at the time she signed the card on the first of the three occasions an employee of the Wella Corp. stated to Jeanne Swanson that the card had to be signed by her because any damage to her hair the Wella Corp. [defendant] didn't want to be held responsible for.

'' Mr. Schwab: Counsel accepts this as the stipulated fact:

'' 9. If the manager of the Wella Center were called to testify he would state under oath that he has no knowledge of any conversation whatsoever with Jeanne Swanson as to the meaning or intent of the card. ''

It is obvious from the above-quoted excerpt that the parties did not agree on what the facts were but merely acknowledged what the witnesses would testify to if called.

It is, therefore, apparent that the stipulation cannot be treated as an agreed statement of facts within the contemplation of CPLR 3222, for that section requires a statement of facts upon which both parties agree. (4 Weinstein-Korn-Miller, N. Y. Prac., par. 3222.01.) Nor does the stipulation entered into fall within CPLR 3031 (entitled — simplified procedure for court determination of disputes — action without pleadings), it being apparent that that section was not the one under which the parties proceeded.

The issue to be determined was whether the covenant not to sue is broad enough to prevent recovery for injury to the ear, as well as to the hair. The parties disagree on that. That issue cannot be determined solely on the basis of the card signed by the plaintiff for the card does not point to the answer. Accordingly, the intent of the parties must be ascertained from testimony. Such testimony would be admissible, for it would not contradict the writing, but would be evidence of a consistent additional term to the writing.

The facts with respect thereto, not having been agreed upon, the court could not on this record have made a finding on which to base a determination of the case.

Accordingly the judgment entered December 7, 1965, granting judgment for the defendant and dismissing the complaint should be reversed on the law and the matter should be remanded for a

new trial, with costs and disbursements to plaintiff to abide the event.

BOTEIN, P. J., RABIN, STEVENS and EAGER, JJ., concur.

Judgment unanimously reversed, on the law, and a new trial ordered, with $50 costs to appellant to abide the event.